IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GERALD LEWIS AUSTIN, | ) | CIV. NO. 10-00693 SOM/LEK |
| | ) | |
| #1076082, | ) | ORDER DISMISSING COMPLAINT |
| | ) | AND DENYING *IN FORMA PAUPERIS* |
| Plaintiff, | ) | APPLICATION |
| | ) | |
| vs. | ) | |
| | ) | |
| KINGSTON KAAWA, CO MOREKO | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT AND
## DENYING *IN FORMA PAUPERIS* APPLICATION

Before the court is Plaintiff Gerald Lewis Austin's prisoner civil rights complaint.  Austin alleges that he was beaten by another inmate, Defendant Kingston Kaawa, and suggests that Defendant Adult Correctional Officer ("ACO") Moreko witnessed the attack.  Austin has submitted an application to proceed *in forma pauperis.*  Austin's Complaint is DISMISSED for failure to state a claim, with leave granted to amend.  Austin's *in forma pauperis* application is DENIED.

### I.   PLAINTIFF'S CLAIMS

Austin alleges that Kaawa and other inmates attacked him on September 28, 2010, resulting in serious physical injury.  Austin notified Moreko that he was injured, and when Moreko asked what happened, Austin admittedly lied, telling Moreko that he had slipped in the shower.  Austin was taken to the Pali Momi Medical Center and Moreko instituted an investigation of the incident.

Austin thereafter filed a complaint with the Honolulu Police Department.  Apparently, Kaawa later confessed to having attacked Austin and apologized.  Austin was transferred to protective custody after the attack, where he remains.  Austin alleges that, when he questioned ACO Mareko about what Moreko had seen on September 28, 2010, Moreko replied, "[I] never see nothing." (Doc. 1, Comp. at 6.)  Austin states that he has also filed a civil action in state court against Kaawa and Moreko concerning this alleged assault, which he identifies as "SP10-04054."

Although Austin asserts jurisdiction under 28 U.S.C. § 1915(g), the court liberally construes the Complaint as brought pursuant to 42 U.S.C. § 1983.  Austin seeks $1 billion in compensatory damages.

## II.  <u>STATUTORY SCREENING</u>

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).

A pleading that states a claim for relief must contain a "short and plain statement of the claim showing that the

2

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While
Rule 8 does not demand detailed factual allegations, "it demands
more than an unadorned, the-defendant-unlawfully-harmed-me
accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
"Threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." *Id.*
"[A] complaint must contain sufficient factual matter, accepted
as true, to 'state a claim to relief that is plausible on its
face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007)).  A claim is plausible "when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." *Id.*

         "Determining whether a complaint states a plausible
claim for relief [is] . . . a context-specific task that requires
the reviewing court to draw on its judicial experience and common
sense." *Id.* at 1950.  Thus, although a plaintiff's specific
factual allegations may be consistent with a constitutional
claim, a court must assess whether there are other "more likely
explanations" for a defendant's conduct. *Id.* at 1951.  If a
pleading can be cured by the allegation of other facts, a pro se
litigant is entitled to an opportunity to amend a complaint
before dismissal of the action. *See Lopez v. Smith*, 203 F.3d
1122, 1127-29 (9th Cir. 2000) (en banc).

### III.   DISCUSSION

To state a claim under 42 U.S.C. § 1983, Austin "must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

## A.   Claims Against Kaawa are Dismissed

Austin states that Kaawa is a fellow inmate.  Austin provides no facts tying Kaawa's actions to the State or correctional officials.  It is clear that Kaawa was not acting under color of state law and is therefore not amenable to suit under § 1983.  Nor does Austin appear to assert a state law tort claim against Kaawa.  He provides no statement seeking supplemental jurisdiction and he claims that he is pursuing relief against Kaawa in state court.  Austin's claims against Kaawa are DISMISSED with leave granted to amend.

## B.   Claims Against ACO Moreko are Dismissed

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Id.* at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982).  The failure of prison officials to respond

4

to a known, credible threat to an inmate's safety constitutes a violation of the inmate's Eighth Amendment rights. *See Berg v. Kincheloe*, 794 F.2d 457, 460-61 (9th Cir. 1986). To show an Eighth Amendment violation, an inmate must establish two matters: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to the inmate's safety. *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

After a careful reading of the Complaint, including voluminous handwritten documents and numerous attached exhibits, the court is unable to discern any conduct by ACO Moreko that violated Austin's rights under the Constitution or laws of the United States. Austin argues that ACO Moreko has a duty to ensure his safety by virtue of his position as a correctional official. The court agrees. Austin, however, fails to set forth any facts suggesting that ACO Moreko violated that duty.

Austin states that the attack occurred in Module 2A, cell #16, at approximately 5:00 p.m., while ACO Moreko was in the control room. (Doc. 1-1, Att. to Comp. at 9,12.) Austin claims that he picked himself up from the floor after the attack and went back to his own cell, #15, where he removed his bloody shirt. Austin then went to the control room and tapped on the window to get help. (*Id.* at 14, 31.) When Moreko asked what happened, Austin told him that he had slipped and fallen because

he feared retaliation from the inmates who had attacked him.
Moreko let Austin into the control room, called for back up, had
Austin taken to Pali Momi, retrieved Austin's bloody shirt from
the sink in Austin's cell, and began an investigation. (Doc. 1-1,
Att. to Comp. at 12.)

Austin does not allege that ACO Moreko watched the
attack, or knew or should have known the attack would take place,
but did nothing to prevent it from occurring.  Austin simply
questions what ACO Moreko was doing and suggests that, because
the attack occurred, Moreko must have been sleeping or otherwise
derelict in his duty.  Significantly, Austin refers to Moreko as
"Witness" throughout the Complaint, and appears to be using this
action to discover what Moreko saw while he was in the control
room when the incident was taking place.  (*See* Doc. 1-1, Att. to
Comp. at 31 ("I need to know what the CO or Acting Seargeant
[sic] on 9/28/2010 saw as the incident was taking place."))
Austin speculates:

> If [Mareko] or who ever is supposedly working the
> control station is in charge of my safety, why is he
> asking me what happened? He is supposed to know
> already[.] He saw my bloody shirt and my face and body
> all beaten up. That states he is not doing his job
> correctly, or he got scared, and ran into the
> seargeants [sic] office to play it off or hide. Or he
> was watching the whole time but does not want to say
> anything because he is local. The CO's job is to make
> sure our safety is the main issue when they step in the
> door to protect and serve. . . . I don't think this
> official posit[ion] should be a position to kickback
> and sleep on the job somewhere along the line there was

>           lack of security no matter what the standards are in
>           this case.

(Doc. 1-1, Att. to Comp. at 31-32.)

        In short, Austin is accusing Moreko because Moreko was
on duty the day of the attack.  Austin submits no facts
suggesting that Moreko or any other prison official knew of an
impending attack against Austin and did nothing to prevent it, or
stood by while the attack took place and did nothing to stop it.
Austin alleges no facts showing that Moreko was deliberately
indifferent to Austin's safety.  Austin's claims against ACO
Moreko fail to state a claim and are DISMISSED with leave granted
to amend.

**C.    The *In Forma Pauperis* Application is Denied**

        Although it is clear that Austin is a pauper within the
meaning of the statute, he failed to sign his *in forma pauperis
application*.  Without his signature, he has not certified his
financial statement or consented to the withdrawal of funds from
his prison trust account.  Accordingly, his application is
DENIED.

        Austin is notified that prisoners filing actions in the
United States District Court are required to pay the filing fee
in full, albeit in installment payments, regardless of whether
the action is later dismissed.  28 U.S.C. § 1915(b)(1).  If
Austin amends his Complaint, seeks to appeal, or moves for
reconsideration of this Order, he must either submit a fully

completed *in forma pauperis* application or pay the $350 filing
fee concurrently with his amended complaint, motion, or notice of
appeal.

**D.  Leave to Amend**

The Complaint is DISMISSED for failure to state a
claim.  Because it is not clear that amendment to the Complaint
is futile, Austin is granted leave to amend his Complaint to cure
its deficiencies on or before December 24, 2010.  Failure to
timely amend by December 24, 2010 will result in AUTOMATIC
DISMISSAL of this action for failure to state a claim.  *See* 28
U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).

If Austin chooses to amend the Complaint, he must cure
the deficiencies noted above and specifically demonstrate how the
conditions complained of have resulted in a deprivation of his
constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th
Cir. 1980).  The amended complaint must allege in specific terms
how each named Defendant is involved.  There can be no liability
under 42 U.S.C. § 1983 unless there is some affirmative link or
connection between a defendant's actions and the claimed
deprivation.  *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

The court will not refer to the original pleading to
make any amended complaint complete.  Local Rule 10.3 requires
that an amended complaint be complete in itself without reference
to any prior pleading.  Furthermore, as a general rule, an

amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  In an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**E.    28 U.S.C. § 1915(g)**

Austin is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  If Austin is unable to amend the Complaint to cure the deficiencies enumerated in this Order, this dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

## VI.   <u>CONCLUSION</u>

IT IS HEREBY ORDERED that:

(1)   The Complaint is DISMISSED for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2)   Austin is GRANTED until December 24, 2010 in which to file an amended complaint that cures the deficiencies noted above.  The amended complaint must be complete in itself without reference to the superseded pleading.  *See* Local Rule of the

District of Hawaii 10.3.  Defendants not named and any claims not realleged in any amended complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

(3)  If the amended complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

(4)  The Clerk of Court is directed to mail a form prisoner civil rights complaint and *in forma pauperis* application to Austin, so that he may comply with the directions in this Order.



IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 29, 2010.

    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

*Austin v. Kaawa,* Civ. No. 10-00693 SOM/LEK; Order Dismissing Complaint and Denying *in Forma Pauperis* Application; psas/ Screening/dmp 2010/Austin 10-693 SOM (FTSC dny IFP lv amd)